Richard A. Bowen, St. Paul, Minn., for appellant.

Robert M. Small, Minneapolis, Minn., for appellees.

**Frederick M. ANDERSON, Appellant,**

v.

**Winton HASCALL, Superintendent of UNICOR Print Plant, F.C.I. Sandstone; William Munn, formerly B-Unit Case Manager, F.C.I. Sandstone, (a/k/a "Mad Dog Munn"), Appellees.**

**No. 83–2063.**

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1985.

Decided May 30, 1985.

Before LAY, Chief Judge, BRIGHT and ARNOLD, Circuit Judges.

PER CURIAM.

Frederick M. Anderson, at the time an inmate in the federal penitentiary at Sandstone, Minnesota, brought this action against prison officials claiming that he had been deprived of liberty or property without due process of law, in violation of the Fifth Amendment, by being transferred from his prison-industries job without first having been given a hearing. Disciplinary sanctions were later imposed on Anderson as a result of the same incident, but the only question before us on this appeal is whether he had a liberty or property interest in the job itself, so as to prevent his being transferred without a pre-transfer hearing of some sort.

The District Court[1], 566 F.Supp. 1492, found that the transfer itself was for ad-

1. The Hon. Harry H. MacLaughlin, United   States District Judge for the District of Min-

ministrative, not punitive or disciplinary purposes, and that Anderson had not been deprived of any constitutional rights by the circumstances in which it took place. After hearing oral argument and considering the briefs and record, we find ourselves in agreement with this conclusion. The District Court's findings of fact are not clearly erroneous, nor does any error of law appear in its opinion. We observe, in addition, that Anderson received a hearing one day after the transfer complained of, this hearing being held in connection with disciplinary sanctions imposed upon him, and that at the hearing he admitted having committed the infraction on account of which prison authorities decided to transfer him to another job.

The judgment of the District Court is Affirmed.